11-3386-ag
Cao v. Holder
BIA
Hom, IJ
A088 372 097

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of August, two thousand twelve.

PRESENT:
        ROBERT A. KATZMANN,
        RAYMOND J. LOHIER, JR.,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

DONG GUANG CAO,
        *Petitioner,*

        v.                       11-3386-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Vlad Kuzmin, New York, New York.

FOR RESPONDENT:      Stuart T. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dong Guang Cao, a native and citizen of the People's Republic of China, seeks review of an August 3, 2011 order of the BIA affirming the November 25, 2009 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Guang Cao*, No. A088 372 097 (B.I.A. Aug. 3, 2011), *aff'g* No. A088 372 097 (Immig. Ct. N.Y. City Nov. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Cao asserts that he was persecuted under China's coercive family planning policy because his wife was subjected to forced abortions and he was beaten by family planning authorities, who threatened to sterilize him. Under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on a forced abortion of a spouse or partner because "applicants can become candidates for

2

asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (en banc); *see also Matter of J-S-*, 24 I. & N. Dec. 520, 536-37 (A.G. 2008) (adopting the holding in *Shi Liang Lin*). Thus, in order to establish eligibility for asylum, Cao must demonstrate "'other resistance to a coercive population control program'" and that he was persecuted on account of that resistance or has "'a well founded fear that he or she will be . . . subject to persecution for such . . . resistance.'" *Shi Liang Lin*, 494 F.3d at 309-10 (quoting 8 U.S.C. § 1101(a)(42)).

The agency reasonably concluded that Cao did not establish past persecution on account of his resistance to China's family planning policies. Contrary to Cao's arguments, the agency addressed the cumulative effect of the alleged incidents of harm, *Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005), and reasonably found that the harm was insufficiently severe to constitute persecution because Cao was not detained and suffered no physical injuries or other lasting effects, *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (per curiam); *Gui Ci Pan v. U.S.*

3

*Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per curiam); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006).

As the agency did not err in concluding that Cao failed to establish past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). Moreover, the agency reasonably concluded that Cao did not establish an objectively reasonable well-founded fear of future persecution independent of his past persecution claim based on a lack of solid support in the record. *See* 8 C.F.R. § 1208.13(b); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," a fear of persecution is "speculative at best"). As the BIA noted, the 2007 State Department Profile on Asylum Claims and Country Conditions, which Cao submitted into evidence, contradicts his argument that he is likely to be sterilized if returned to China.

Cao argues the fact that his wife has not yet been sterilized makes it more likely that he will be sterilized if removed to China. However, the agency considered this same argument, and reasonably reached the opposite

4

conclusion: lax enforcement of the family planning policy diminishes the likelihood of Cao's future forcible sterilization. Accordingly, Cao has not shown that a reasonable fact-finder would be compelled to conclude that he presented objective evidence to support his assertion that he would be sterilized. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Because Cao did not establish a well-founded fear of persecution, he necessarily cannot meet the more difficult burden of showing it is more likely than not he will be persecuted if he returns to China. Thus, the agency did not err in denying asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b).

Finally, Cao's generalized argument that he established eligibility for CAT relief, without citing the administrative record, fails to compel reversal of the BIA's contrary conclusion. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005). Moreover, as the agency did not err in concluding that Cao failed to establish past persecution or a well-founded fear of future persecution if returned to China, it did not err in denying

5

asylum and withholding of removal, or CAT relief as all three claims share the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT relief).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk